IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BARBARA K. PARMENTOR,

    Appellant,

    v.

NATIONSTAR MORTGAGE LLC,

    Appellee,

_____

Civ. No. 6:17-cv-01742-MC
(lead case)
Civ. No. 6:17-cv-01743-MC
Civ. No. 6:17-cv-01997-MC

ORDER

MCSHANE, Judge:

Appellant, proceeding *pro se*, filed a notice of appeal from an order remanding a bankruptcy proceeding to state court. ECF No. 1. Appellant states she "challenged the Jurisdiction of the United States Bankruptcy Court for the District of Oregon." ECF No. 1 ¶ 2. The U.S. Bankruptcy Appellate Panel of the Ninth Circuit transferred the appeal to this court. ECF No. 2. The bankruptcy order for remand noted that appellant removed the case but, because she did not file a notice of removal with the Circuit Court, the bankruptcy court lacked jurisdiction over the case and therefore remanded the action to state court. ECF No 2-2 at 1-2.

As I noted in my earlier order to show cause, all three cases challenge Judge Alley's order remanding the cases to state court. I noted that:

> while the record contains appellant's 50 plus page briefing on a variety of constitutional matters, the court is unable to find any argument related to the appeal at issue, which is the appeal from Judge Alley's order remanding the cases

to state court. Appellant is granted 14 days leave to file a motion stating the legal arguments in support of her challenge to the bankruptcy court's orders remanding her cases to state court. Additionally, appellant shall pay the filing fee or move for leave to proceed *in forma pauperis*. Failure to comply with this order may result in dismissal for failure to prosecute.

March 27, 2018 Order; CMECF # .

Appellant filed a motion outlining her alleged disabilities. Absent from appellant's motion is any argument demonstrating how Judge Alley erred in remanding the cases. During a hearing, Judge Alley ruled from the bench, concluding "The court specifically finds that a removal notice was filed in this court, but no notice of removal has been filed with the Circuit Court. As a result, this court has not acquired jurisdiction over the case, except to the extent necessary to remand it. The court further finds that it should abstain from further action in this matter." Order for Remand, 1. Under the removal statute, the filing of the notice of removal with the state court "shall effect the removal[.]" 28 U.S.C. § 1446(d). "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013) (quoting *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health and Envtl. Quality of Mont.*, 213 F.3d 1108, 1113) (9th Cir. 2000)). Because appellant improperly removed this action, the bankruptcy court lacked jurisdiction. Judge Alley's order remanding the case is AFFIRMED.

IT IS SO ORDERED.

DATED this 21st day of May, 2018.

    /s/Michael McShane
Michael McShane
United States District Judge